The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| JAMES MARK WENGERD & | ) | CASE NO. 09-62720 |
| CHERYL SUE WENGERD, | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On October 19, 2009, chapter 7 trustee Lisa M. Barbacci ("trustee") filed an Objection to Homestead Exemption and a Motion for Turnover of Property. On October 29, 2009, the trustee filed a Motion for an Order Directing Debtors to Produce Accounting and Documents. A status conference on the motions was held on May 12, 2010. Michael V. Demczyk appeared in person for the debtors James Mark Wengerd and Cheryl Sue Wengerd ("debtors") and the trustee appeared by telephone. At the status conference, the parties agreed to submit briefs and allow the Court to decide the motions on the papers.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

# OBJECTION TO HOMESTEAD EXEMPTION

*A. Background*

The parties have stipulated to the relevant facts. On July 3, 2009, debtors filed a chapter 7 bankruptcy petition. At the time of filing, the debtors owned and lived at the property known as 14654 Duquette Ave. NE, Hartville, OH 44632 ("property"). Prior to the filing of the petition, the debtors contracted to sell the property to Robin R. Pratt ("Pratt") for the sum of $205,000. The sale closed four days after the filing of the petition on July 7, 2009. The debtors paid off first and second mortgages with the proceeds of the sale in the total amount of approximately $165,000. The debtors received the remaining $35,374 at the closing.

Schedule C claims an exemption in debtors' property. However, the debtors fail to disclose the pending sale of the property in their petition. Schedule E, which requires the debtors to list executory contracts, makes no mention of the contract to sell the property. In addition, the Chapter 7 Individual Debtor's Statement of Intention states that the debtors intend to retain the property.

*B. Analysis*

Pursuant to 11 U.S.C. § 522(b), Ohio has opted out of the exemptions provided by federal statute. The homestead exemption for Ohio debtors is provided by Ohio Revised Code § 2329.66, which states in pertinent part:

> (A) Every person *who is domiciled in this state* may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (b) . . . [T]he person's interest, not to exceed twenty thousand two hundred dollars,[1] in one parcel or item of real property that the person or a dependant of the person uses as a *residence.*

(emphasis added).

The trustee argues that the debtors are not entitled to a homestead exemption for two reasons. First, the trustee argues that because the debtors did not intend to live at the property

---

[1] On April 1, 2010, this amount automatically adjusted based on the formula provided in section 2329.66(B). However, because the debtors filed their petition before April 1, 2010, the adjusted amount is not applicable. *See* In re Cope, 80 B.R. 426, 427 (1987).

2

post-petition, the property is not a "residence" within the meaning of section 2329.66.[2] The trustee also argues that the debtors' homestead exemption should be denied because of their bad faith in failing to reveal the pending sale of the property on their bankruptcy petition.

No Ohio appellate court has issued an opinion regarding whether "residence," as that term is used in the present exemption statute, requires an intent to stay. Several bankruptcy courts interpreting Ohio law have tackled the issue, and the cases are split. *Compare* In re Cope, 80 B.R. 426, 428 (Bankr. N.D. Ohio 1987) (holding that the debtor is entitled to a homestead exemption because "residence" continues until the property is abandoned) *with* In re Garland, 98 B.R. 767, 770 (Bankr. S.D. Ohio 1989) (holding that the debtor is not entitled to a homestead exemption because "residence" requires an intention to continue living at the property); In re Pagan, 66 B.R. 196 (Bankr. N.D. Ohio 1986) (same).

This Court finds a debtor cannot claim a homestead exemption if, through his pre-petition behavior, he shows a clear intent to abandon the property immediately post-petition. Under prior exemption statutes, the subjective intent of the debtor was important. In the case of McComb v. Thompson, 42 Ohio St. 139 (1884), Mr. McComb sold his house despite the liens of several judgment creditors. Even though he had no intention to purchase a new residence, he claimed that he held a homestead exemption in the proceeds of the sale. The court found that the homestead exemption did not apply because the debtor lacked the intent to purchase another property. By contrast, in cases where the debtor intends to reinvest the proceeds of the sale in a new residence, courts have found that the debtor is entitled to claim a homestead exemption. *E.g.*, Stewart v. Boyd, 6 Ohio Dec. 973 (1880). The only fact that distinguishes these two situations is the intent of the individual claiming the homestead exemption.

In addition, the majority of cases from other states require an intent to stay at the property as a precondition to claiming a homestead exemption. *See, e.g.*, In re Cole, 185 B.R. 95, 97 (Bankr. N.D. Maine 1995) (Maine statute); In re Crippen, 36 B.R. 7, 9 (Bankr. Mo. 1983) (Missouri statute); Ray v. Metzger, 165 S.W.2d 207, 210 (Tex. Civ. App. 1942) (Texas statute). Cases in the majority reason that because the purpose of a homestead exemption is to keep a roof over the heads of the debtor's family, the exemption statute ought not to apply if the debtor does not actually intend to use his property for shelter. *See* Cole, 185 B.R. at 97. The Court finds this rationale persuasive and agrees with the majority of courts that have considered this issue.

However, the Court also agrees with those cases that attribute strong evidentiary weight to the fact that a debtor is occupying the residence on the petition date. A bankruptcy debtor is in financial turmoil and may be entertaining conflicting ideas regarding his residence. As such, a debtor's mere declaration that he intends to abandon his homestead is inadequate to overcome the strong presumption he intends to continue occupying his property. Matter of Kennard, 970

---

[2]Because the debtors moved from Ohio to Kansas, the trustee's intent argument also raises the issue as to whether the debtors where "domiciled in this state" as of the petition date.

3

09-62720-rk    Doc 76    FILED 10/14/10    ENTERED 10/14/10 10:13:07    Page 3 of 6

F.2d 1455, 1459 (5th Cir. 1992). Similarly, an unrealized attempt to sell or lease a property does not overcome the presumption that a debtor who actually occupies his residence intends to stay there. Matter of Bradley, 960 F.2d 502, 509 (5th Cir. 1992); In re Bernstien, 62 B.R. 545, 549 (Bankr. D. Vt. 1986). Instead, to show intent to abandon his property, the debtor must perform a pre-petition action that clearly evidences an intent to abandon his residence immediately post-petition.

In this case, the debtors showed an absolutely clear intent to abandon the property by entering into a pre-petition sales contract and actually selling their residence four days after filing their bankruptcy petition.

Accordingly, the trustee's objection to the debtors' homestead exemption is sustained.

## MOTION FOR TURNOVER OF PROPERTY

The trustee seeks turnover of $35,374 from the sale of the property and turnover of 2008 state and federal tax refunds in the amounts of $4,577 and $17,166, respectively.[3]

*A. The proceeds from the sale of the property*

For the reasons discussed above, the proceeds from the sale of the debtors' property are non-exempt property of the estate and must be turned over to the chapter 7 trustee.

*B. The 2008 tax returns*

The parties have stipulated that the debtors filed federal and state tax returns on March 31, 2009. The funds from the tax returns were most likely received by the debtors several months prior to the bankruptcy filing. The bankruptcy estate is formed on the date of the filing of the petition. 11 U.S.C. § 541(a)(1). Therefore, to the extent that the tax returns were spent pre-petition, they were never property of the bankruptcy estate. However, to the extent that the trustee's investigation reveals that the tax returns were not spent pre-petition, the funds must be turned over to the trustee as property of the estate.[4]

---

[3] The trustee's brief in support of her motion also asks for proceeds from the liquidation of debtors' business. However, the Court does not rule on this issue because funds from the liquidation of the debtors' business are not requested in the trustee's original motion. The Court also notes that the facts are poorly developed on this issue.

[4] The debtors' Schedule C claims an exemption in the tax returns but also affirmatively states that the funds from the tax returns had been spent at the time of the petition. As such, the Court finds that the debtors do not claim an exemption in any remaining funds from the tax returns.

Accordingly, the trustee's motion for turnover is granted in part and denied in part.

## MOTION FOR ORDER DIRECTING DEBTORS TO PRODUCE DISCOVERY

The trustee seeks documents and accounting regarding (1) the sale of the debtors' property and the debtors' use of the proceeds; (2) the sale of Crosswalk Christian Bookstore and related inventory and the debtors' use of the proceeds; and (3) receipt and use of the 2008 tax returns.

The debtors have a duty to comply with the trustee's requests pursuant to 11 U.S.C. § 521(a)(3), which states that a debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." Pursuant to 11 U.S.C. § 704, the trustee has a duty to "investigate the financial affairs of the debtor." Thus, the trustee is entitled to any and all information regarding the debtors' financial affairs regardless of whether the information relates to exempt assets, whether the information relates to property of the estate and whether, in the debtors' opinion, the information is interesting.

Accordingly, the trustee's motion for an order directing debtors to produce accounting and documents is granted.

An order will issue with this opinion.

\#    \#    \#

Service List:

James Mark Wengerd
518 N Main St
Hesston, KS 67062

Cheryl Sue Wengerd
518 N Main St
Hesston, KS 67062

Lisa M. Barbacci
P.O. Box 1299
Medina, OH 44258-1299

09-62720-rk    Doc 76    FILED 10/14/10    ENTERED 10/14/10 10:13:07    Page 5 of 6

United States Trustee, Region 9
HM Metzenbaum US Courthouse
201 Superior Ave
4th Floor, Suite 441
Cleveland, OH 44114

Michael V. Demczyk
12370 Cleveland Ave NW
PO Box 867
Uniontown, OH 44685

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Michael J Moran
Gibson & Lowry
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Lenore Kleinman ust04
Office of the US Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue, East
Suite 441
Cleveland, Oh 44114-1240