## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re:  JAMES MARK WENGERD;  )
       CHERYL SUE WENGERD,  )
                                                 )  No. 10-8080
                Debtors.  )
                                                 )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 09-62720

Argued: May 4, 2011

Decided and Filed: June 15, 2011

Before: BOSWELL, FULTON, and McIVOR, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ARGUED:** Michael V. Demczyk, McNAMARA, DEMCZYK & DeHAVEN CO., L.P.A., Uniontown, Ohio, for Appellants. Lisa M. Barbacci, Medina, Ohio, for Appellee. **ON BRIEF:** Michael V. Demczyk, McNAMARA, DEMCZYK & DeHAVEN CO., L.P.A., Uniontown, Ohio, for Appellants. Lisa M. Barbacci, Medina, Ohio, for Appellee.

---

## OPINION

---

      G. HARVEY BOSWELL, Bankruptcy Appellate Panel Judge. James Mark Wengerd and Cheryl Sue Wengerd ("Debtors") appeal an order of the bankruptcy court sustaining the Trustee's objection to their homestead exemption and granting the Trustee's motion for turnover of proceeds from the sale of the Debtors' residence.

## I. ISSUE ON APPEAL

The issue raised by this appeal is whether the bankruptcy court erred in sustaining the Trustee's objection to the Debtors' homestead exemption and granting the Trustee's motion for turnover of proceeds from the sale of the Debtors' residence.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order on an objection to a debtor's claim of exemption is final for purposes of appeal. *See Menninger v. Schramm (In re Schramm)*, 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010) (citing *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998)). The bankruptcy court's order granting the Trustee's motion for turnover is also a final, appealable order. *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 488 (B.A.P. 6th Cir. 2008).

The bankruptcy court's conclusions of law are reviewed *de novo*. *Darrohn v. Hildebrand (In re Darrohn)*, 615 F.3d 470, 474 (6th Cir. 2010). The bankruptcy court's application or interpretation of state law is a conclusion of law. *In re Schramm*, 431 B.R. at 399. "Interpretation of a state's exemption statute involves a question of law and is reviewed *de novo*." *Id.* "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted). "No deference is given to the trial court's conclusions of law." *Id.* (citations omitted).

## III. FACTS

On July 3, 2009, James Mark Wengerd and Cheryl Sue Wengerd ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. At that time, the Debtors

09-62720-rk    Doc 111    FILED 06/15/11    ENTERED 07/08/11 16:08:07    Page 2 of 11

resided at 14654 Duquette Ave., N.E., Hartville, Ohio 44632 in a home that they had owned since March 14, 1995. The fair market value of the home was listed on Schedule A as $205,000.00 with secured debt of $164,978.92. Pursuant to Ohio Revised Code § 2329.66(A)(1), the Debtors claimed a homestead exemption in the amount of $40,400.00.

On May 27, 2009, prior to filing their petition for relief, the Debtors entered into a contract to sell their home for $205,000. They did not disclose the pending sale of their home in their petition, nor did they list the contract to sell on Schedule E, which requires the listing of executory contracts. On their Chapter 7 Individual Debtor's Statement of Intention, they stated that they intended to retain the property. However, James Wengerd testified at deposition that, assuming all went according to plan with the sale of their home, at the time they filed their petition for relief they intended to move to another residence.

On July 7, 2009, four days after they filed their petition, the sale of the home closed. With the proceeds of the sale, the Debtors paid their first and second mortgages. They received the remaining sum of $34,874.47 on July 8, 2009. At the meeting of creditors, the Debtors testified that they were in possession of the cash from the sale of their home and were using a portion of it for living expenses.

On July 9, 2009, the Debtors executed a contract to move to an apartment in Hesston, Kansas where James Wengerd was enrolled in divinity school. On July 15, 2009, the Debtors arrived and moved into their apartment in Hesston, Kansas. They did not use the funds they received from the sale of their home in Ohio to purchase another home, nor do they intend to do so.

On October 19, 2009, the chapter 7 trustee, Lisa M. Barbacci (the "Trustee"), filed an Objection to Homestead Exemption and Motion for Turnover of Property in which she moved for an order for turnover of the proceeds from the sale of the residence. The Trustee argued that the Debtors could not claim a homestead exemption because they did not intend to reside at the Ohio home post-petition.

Following a status conference at which the parties agreed to submit briefs and allow the court to decide the matter without oral argument, the bankruptcy court issued an opinion and order sustaining the Trustee's objection to the Debtors' homestead exemption and granting the Trustee's

motion to turn over the proceeds from the sale of the Debtors' home. The court found that a "debtor cannot claim a homestead exemption if, through his pre-petition behavior, he shows a clear intent to abandon the property immediately post-petition." (Bankr. Ct. Docket #76, Memorandum of Opinion, Oct. 14, 2010, at 3.) Based upon this finding, the court then held that these Debtors could not claim a homestead exemption because they had shown a clear intent to abandon their Ohio home by entering into a sales contract pre-petition and ultimately selling the property three days after filing their petition for relief.

The Debtors' timely appeal followed.

## IV. DISCUSSION

The Debtors' bankruptcy estate consists of all of their legal and equitable interests in all property. *See* 11 U.S.C. § 541(a)(1). The Bankruptcy Code permits the Debtors to exempt certain enumerated property from the estate. *See* 11 U.S.C. § 522. Pursuant to 11 U.S.C. § 522(b), Ohio has elected to opt out of the federal exemptions and create its own exemptions. *See* Ohio Rev. Code § 2329.66. The Trustee bears the burden of establishing by a preponderance of the evidence that the exemption claimed should not be allowed. Fed. R. Bankr. P. 4003(c); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006) (citation omitted). In order to effectuate the goals of providing honest debtors a fresh start and affording debtors life's basic necessities, Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtors, and that any doubt in interpretation should be in favor of granting the exemption. *See In re Alam*, 359 B.R. at 147-48; *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 504 N.E.2d 1100, 1104 (Ohio 1986).

The exemption at issue in this appeal is Ohio Rev. Code § 2329.66(A)(1), which provides in pertinent part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (1) . . .
>
> > (b) . . . [T]he person's interest, not to exceed twenty thousand two hundred dollars, in one parcel or item of real or personal property that the person or a

09-62720-rk    Doc 111    FILED 06/15/11    ENTERED 07/08/11 16:08:07    Page 4 of 11

dependent of the person uses as a
residence.

The Debtors argue that the bankruptcy court erred in sustaining the Trustee's objection to their homestead exemption because they were using the Ohio home as their principal residence on the date they filed their petition for relief. They assert that a requirement to intend to remain at the property in order to claim the exemption is contrary to the policy of liberally construing exemption statutes in favor of the debtor, and contrary to the plain meaning of the exemption statute which does not address the intent of debtors.

The Trustee, however, asserts that for over 100 years Ohio courts have recognized the intent to occupy a homestead as the necessary element in establishing an allowable homestead exemption. Therefore, the mere fact that the Debtors resided in the Ohio home on the date of filing is insufficient to claim the homestead exemption. The Trustee argues that the Debtors were merely temporary occupants of the Ohio home because they had signed a contract to sell and, because they had no intention to make the Ohio home their permanent residence, they are not entitled to a homestead exemption. In support of her position, she cites to Ohio case law allowing a debtor to claim the homestead exemption where he has temporarily abandoned the property, but lacks the intent to abandon it permanently. *See, e.g., Jackson v. Reid*, 32 Ohio St. 443 (Ohio 1877) (despite debtor's temporary absence from homestead, exemption was allowed because evidence showed no intention to permanently abandon); *Wetz v. Beard*, 12 Ohio St. 431 (Ohio 1861) (exemption allowed where temporary removal without intent to abandon homestead); *Meadow Wind Health Care Ctr. v. McInnes*, No. 1999CA00338, 2000 WL 1055938 (Ohio Ct. App. July 24, 2000) (temporary removal with no intent to abandon insufficient to deny exemption; for exemption purposes, abandonment consists of both actually leaving and intent to abandon); *In re Cameron*, 25 B.R. 119 (Bankr. N.D. Ohio 1982) (absence from residence at time of filing is not always sufficient, in itself, to extinguish right to use homestead exemption; intent to return may preserve exemption).

The cases cited by the Trustee are inapposite as they do not address the issue before the Panel-whether a debtor who has used, and is currently using, a home for a principal residence must also intend to occupy the residence in the *future* to claim a homestead exemption. In fact, no Ohio state court has addressed this issue. The Panel therefore must anticipate how the Ohio Supreme Court would resolve the issue. In this regard, the Panel notes that several bankruptcy courts

-5-

interpreting Ohio law have addressed the issue, albeit with differing results. *Compare In re Cope*, 80 B.R. 426, 428 (Bankr. N.D. Ohio 1987) (holding debtor entitled to a homestead exemption because residence continues until property is abandoned; intent to abandon at some future time does not end debtor's use of property as residence), *with In re Garland*, 98 B.R. 767, 770 (Bankr. S.D. Ohio 1989), *and In re Pagan*, 66 B.R. 196 (Bankr. N.D. Ohio 1986) (both holding debtor not entitled to homestead exemption because "residence" requires an intention to continue living at the property).

In *Cope*, the debtor filed a petition for relief and claimed the Ohio homestead exemption in a house he owned and had resided in for a number of years. At the time of that filing, the home was used as the debtor's residence. However, three days after filing his petition, the debtor moved from and abandoned the property. Based upon the debtor's abandonment of the property three days after filing, the trustee objected to the claimed exemption. The bankruptcy court denied the trustee's objection and allowed the exemption because the debtor was using the property as a residence at the time he filed his petition and claimed the exemption. *In re Cope*, 80 B.R. at 428.

In reaching its conclusion, the *Cope* court first explained that "[c]ase law strongly supports the proposition that a debtor's right to exemptions is determined as of the date the Petition is filed." *Id.* at 427 (citing, *inter alia, White v. Stump*, 266 U.S. 310, 45 S. Ct. 103 (1924)). The court then went on to explain that once a debtor establishes a residence, it continues until the property is abandoned, and abandonment is not established by a mere intent to leave the property at some time in the future. Rather, "abandonment" consists of both an intent to abandon and actually leaving the property. *Id.* at 428. According to the *Cope* court, the language of the exemption statute, "uses as a residence," also supports allowing a debtor's exemption despite an intent to abandon in the future. "When this language is coupled with the fact that a debtor's right to exemptions is determined as of the date the Petition is filed, the Court must find that an intent to abandon the property in the future does not defeat the exemption." *Id.*

In *In re Pagan*, 66 B.R. 196, the bankruptcy court reached the opposite conclusion. In *Pagan*, the debtor claiming a homestead exemption was living in the residence on the date of filing his bankruptcy petition, but had procured another residence prior to filing and exhibited a specific intention to vacate the premises promptly after filing, and did in fact vacate the residence. The court concluded that a debtor who does not intend to hold the purportedly exempt property as his residence in the future is not a person who falls within the category of persons for whom the exemption statute

was designed to benefit. *In re Pagan*, 66 B.R. at 199-200. Therefore, a debtor, who while living in the residence at the time of filing, exhibits an intent to vacate and does vacate shortly after filing, is not entitled to claim a homestead exemption under Ohio Rev. Code § 2329.66(A)(1). *Id.*

The *Pagan* court based its holding upon the historical purpose of the exemption to provide a home to families of insolvent debtors and cases interpreting prior homestead exemption statutes. *See, e.g., Stewart v. Boyd*, 6 Ohio Dec. Reprint 937, 1880 WL 5769 (Ohio Com. Pl. 1880) (debtor entitled to homestead exemption where he intends to reinvest proceeds of sale in a new residence); *McComb v. Thompson*, 42 Ohio St. 139 (Ohio 1884) (homestead exemption disallowed where debtor sold exempt property and exhibited no intention to use proceeds to purchase another homestead); *Jackson v. Reid*, 32 Ohio St. 443 (Ohio 1877) (debtor entitled to surplus proceeds of sale where property sold to satisfy mortgage lien while debtor indicated intent to hold premises as homestead if he could). Based upon those cases, the court concluded that "the current statute was enacted for the protection of a debtor who has built equity in a home and who, without the benefit derived from the exemption, would be without adequate means of maintaining a home for himself." *In re Pagan*, 66 B.R. at 199.

The bankruptcy court in *Garland* reached a similar conclusion. There, the debtor's wife and children resided in the family home on the date the debtor filed his petition for relief and claimed the homestead exemption. However, the property was listed for sale prior to the petition date, a sale contract was executed shortly after the filing date, and the sale was finalized approximately two months later. While acknowledging that, on its face, the exemption statute does not require specific intent to remain in the residence, the bankruptcy court was convinced by the historical origin of the exemption and judicial interpretations of the statute, including the *Pagan* decision, that such specific intent to remain is indeed required. *In re Garland*, 98 B.R. at 769-70.

In the appeal before the Panel, the bankruptcy court also relied upon Ohio case law decided under previous exemption statutes where the subjective intent of the debtor was found important. *See McComb v. Thompson*, 42 Ohio St. 139 (Ohio 1884); *Stewart v. Boyd*, 6 Ohio Dec. Reprint 973 (Ohio Com. Pl. 1880). The court also noted that the "majority" of cases from other states require an intent to stay at the property as a requirement to claiming a homestead exemption. *See, e.g., In re Cole*, 185 B.R. 95, 97 (Bankr. D. Me. 1995) (applying Maine statute); *In re Crippen*, 36 B.R. 7, 9 (Bankr. E.D. Mo. 1983) (applying Missouri statute); *Ray v. Metzger*, 165 S.W. 2d 207, 210 (Tex.

-7-

Civ. App. 1942) (applying Texas statute).[1] The rationale behind the majority rule, as stated by the bankruptcy court, is that "because the purpose of the homestead exemption is to keep a roof over the heads of the debtor's family, the exemption statute ought not to apply if the debtor does not actually intend to use his property for shelter." (Bankr. Ct. Docket #76, Memorandum of Opinion, Oct. 14, 2010, at 3.) The bankruptcy court agreed with this rationale and found that a "debtor cannot claim a homestead exemption if, through his pre-petition behavior, he shows a clear intent to abandon the property immediately post-petition." (Bankr. Ct. Docket #76, Memorandum of Opinion, October 14, 2010, at 3.) Based upon this finding, the court held that the Debtors in the instant case could not claim a homestead exemption because they had shown a clear intent to abandon their Ohio home by entering into a sales contract pre-petition and ultimately selling the property four days after filing their petition for relief.

The Panel disagrees with the conclusion of the bankruptcy court in the instant appeal and chooses to follow the well-reasoned analysis of the bankruptcy court in *Cope*. The Debtors' intent to abandon the Ohio home post-petition is irrelevant and does not defeat the establishment of an allowable homestead exemption under Ohio law. On the date they filed their petition for relief, the Debtors were using the Ohio home as their principal residence, and therefore, they are entitled to the homestead exemption as provided by Ohio Rev. Code § 2329.66(A)(1)(b). As the *Cope* court stated, it is a well-established principle that exemptions are determined on the bankruptcy filing date. *White v. Stump*, 266 U.S. 310, 45 S. Ct. 103 (1924). In addressing a homestead exemption issue under Idaho law, the *White* court stated:

> When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed.

---

[1] None of the cases cited by the bankruptcy court involve the issue. In fact, in each of these cases, the property at issue was undeveloped land on which the debtors did not reside. The question was whether their intent to make the property their residence in the future was sufficient to claim their respective state's homestead exemptions.

09-62720-rk   Doc 111   FILED 06/15/11   ENTERED 07/08/11 16:08:07   Page 8 of 11

266 U.S. at 313. While *White v. Stump* was decided under the Bankruptcy Act, the principle that a debtor's exemptions are determined as of the filing date remains good law under the Bankruptcy Code. *Owen v. Owen*, 500 U.S. 305, 314 n. 6, 111 S. Ct. 1833, 1838 n. 6 (1991) (exempt property is determined "on the date of the filing of the petition"); *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th Cir. 1990) ("[W]e hold today that only the facts existing on the date of filing are relevant to determining whether a debtor qualifies for a claimed exemption."); *Klein v. Chappell (In re Chappell)*, 373 B.R. 73, 77 (B.A.P. 9th Cir. 2007) ("critical date for determining exemption rights is the petition date;" "exemptions . . . are determined on the date of bankruptcy and without reference to subsequent changes in the character or value of the exempt property"), *aff'd sub nom. Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206 (9th Cir. 2010).

In fact, the Sixth Circuit Court of Appeals long ago recognized that a debtor's right to a homestead exemption under Ohio law is determined as of the date of the bankruptcy. *In re Stitt*, 252 F. 1, at *6 (6th Cir. 1918) ("bankrupt's status at time of adjudication governs"). Additionally, Ohio cases interpreting earlier versions of the exemption statute also recognized that the right to a homestead exemption in Ohio is indisputable if the debtor is living on the property at the time the exemption is claimed. In *Stewart v. Boyd*, and *Jackson v. Reid*, the Supreme Court of Ohio and the Court of Common Pleas explained:

> If he has voluntarily abandoned [his residence] *before claiming it as exempt*, his right to claim it is gone. He cannot have two homesteads. If he leaves his homestead and moves elsewhere, making the latter residence his home, his right to the former is gone.
>
> What the homestead is, is a question of fact. *If the debtor be living upon the premises at the time the exemption is claimed, his right cannot be disputed* . . . .

*Stewart v. Boyd*, 6 Ohio Dec. Reprint 973, at *3 (Ohio Com. Pl. 1880) (emphasis added); *Jackson v. Reid*, 32 Ohio St. 443, at 447 (Ohio 1877).[2]

---

[2] In *McComb v. Thompson*, 42 Ohio St. 139 (Ohio 1884), upon which *Pagan, Garland,* and the bankruptcy court in this case rely for the principle that the Debtors' intent is relevant, the debtor sold his home *before* a judgment lien creditor attempted to satisfy his judgment. The debtor had only the proceeds of the sale at the time he claimed the exemption. Therefore, the question became whether he could claim the exemption in the proceeds. The court found that the exemption did not apply because the debtor lacked intent to purchase another property. The Debtors here were still

-9-

While the Debtors' home was subject to an executory contract to sell on the day they filed their petition for relief in this case, the Debtors owned the home and used it as their residence. That is all the Ohio homestead exemption requires--that the debtor use the property as a residence. That determination must be made on the date the petition for relief is filed. As the Debtors argue, the plain language of the exemption statute requires no intent to remain; the statute simply states that the exemption applies to property that a person "uses as a residence." "When this language is coupled with the fact that a debtor's right to exemptions is determined as of the date the Petition is filed, [it follows] that an intent to abandon the property in the future does not defeat the exemption." *In re Cope*, 80 B.R. at 428.

In the cases cited by the Trustee in support of her position, the courts concluded that the intent of a debtor to occupy a residence was a prerequisite to an allowable homestead exemption. However, those cases are inapplicable where the debtor is residing on the property and using it as a residence at the time the exemption is claimed. The issue of intent arose in the cases cited by the Trustee because the debtors were, at least temporarily, not residing on the claimed property. For purposes of the homestead exemption, however, abandonment of property consists of both an intent to abandon *and* actually leaving the premises. *Meadow Wind Health Care Ctr. v. McInnes*, No. 1999CA00338, 2000 WL 1055938 (Ohio Ct. App. 2000). Coupling the principle that exemptions are determined as of the date the petition for relief is filed with this definition of abandonment, in order to have abandoned one's property for homestead exemption purposes with respect to a bankruptcy case, one must have both intended to abandon and physically abandoned the property *before* filing their petition for relief.

On the date the Debtors filed their petition, they were using the residence in question. Without both intending to abandon the residence *and* physically abandoning the residence, the Debtors' occupancy of the home continued their residence status when the petition was filed entitling them to claim the homestead exemption in the aggregate amount of $40,400. This conclusion conforms with the rule that Ohio exemption statutes are to be construed liberally in favor of the debtor, and that any doubt in interpretation should be in favor of granting the exemption, *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-48 (B.A.P. 6th Cir. 2006) (citing, *inter alia, Daugherty v.*

---

using the property as their residence when they filed their petition and claimed the exemption.

09-62720-rk    Doc 111    FILED 06/15/11    ENTERED 07/08/11 16:08:07    Page 10 of 11

*Cent. Trust Co. of Ne. Ohio, N.A.*, 504 N.E.2d at 1104), as well as the "cardinal rule" of statutory construction that a "court must look to the language of the statute itself to determine legislative intent. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly." *Provident Bank v. Wood*, 304 N.E.2d 378, 381 (Ohio 1978) (citations omitted). In construing statutes, it is the duty of the courts to give effect to the words used, not to delete words used, or to insert words not used. *State v. Horner*, 935 N.E.2d 26, 31 (Ohio 2010) (citing *Columbus-Suburban Coach Lines, Inc. v. Pub. Utils. Comm'n of Ohio*, 254 N.E. 8, 9 (Ohio 1969)). Ohio Rev. Code § 2329.66(A)(1) simply does not permit inquiry into the Debtors intent to continue to use their property as their residence. To allow such inquiry is to insert words into the statute which the Ohio legislature did not use. As the Ohio Supreme Court has held, "[W]e are not free, in interpreting this statute, simply to rewrite it on grounds that we are thereby improving the law." *Daugherty*, 504 N.E. 2d at 1105.

## V. CONCLUSION

Exemptions are determined on the date a bankruptcy petition is filed. The Debtors were using their property as their principal residence on the date they filed their petition. Therefore, the Debtors' intention to leave their property post-petition is irrelevant and does not defeat their claim to the homestead exemption provided by Ohio Rev. Code § 2329.66(A)(1). The order of the bankruptcy court sustaining the Trustee's objection to the Debtors' homestead exemption and granting the Trustee's motion for turnover of proceeds from the sale of the Debtors' residence must, therefore, be reversed and remanded for proceedings consistent with this opinion.

09-62720-rk    Doc 111    FILED 06/15/11    ENTERED 07/08/11 16:08:07    Page 11 of 11